24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED

NOV 1 3 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| United States of America, | No. 12-20603 |
| Plaintiff, | Hon. Arthur J. Tarnow |
| v. | |
| D-3 Nadia Arain, | Offense(s): 18 U.S.C. § 1349 (Conspiracy to Commit Health Care Fraud) |
| Defendant. | |
| | Maximum Penalty: 10 years and/or $250,000 fine or twice the gross gain/loss |

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Nadia Arain and the government agree as follows:

1. **Guilty Plea**

    A.    **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Second Superseding Indictment, which charges Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349.

B.    **Elements of Offense**

The elements of Count One, Conspiracy to Commit Health Care Fraud in

violation of 18 U.S.C. § 1349, are as follows:

First:      That two or more persons, in some way or manner, came to a
            mutual understanding to try and accomplish a common and
            unlawful plan, as charged in the Indictment; and

Second:     That the defendant, knowing the unlawful purpose of the plan,
            willfully joined it.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's

guilty plea:

Beginning in or about 2008 and continuing through in or about September

2012, defendant Nadia Arain knowingly and willfully conspired with others to

devise a scheme to defraud Medicare, in violation of 18 U.S.C. § 1349.  Medicare is

a "health care benefit program" of the United States as defined by 18 U.S.C. § 24,

and affects commerce.

On or about October 15, 2008, defendant Nadia Arain incorporated Angle's

Touch Home Health Care LLC ("Angle's Touch"), a home health care agency

located in Taylor, Michigan.  Angle's Touch was located in the Eastern District of

Michigan and billed Medicare.  During the relevant period, the defendant was the

owner and Chief Executive Officer of Angle's Touch.  Angle's Touch purported to

2

provide home health care services, which can include physical therapy, skilled nursing, and occupational therapy, to homebound Medicare beneficiaries, and billed Medicare for those services. The defendant directed the day-to-day operations at Angle's Touch.

While operating Angle's Touch, Arain wrote checks and provided cash kickbacks to beneficiary recruiters who obtained Medicare beneficiaries' information needed to submit claims to Medicare for home health care services— including physical therapy, skilled nursing, and occupational therapy—that were never rendered and not medically necessary. Further, Arain knew that information in Angle's Touch patient files, which were used to support the false claims to Medicare, falsely documented services as being provided and medically necessary when, in fact, they were not.

Based on false claims that Arain submitted or caused to be submitted, from in or around October 2008 through in or around September 2012, Medicare paid Angle's Touch approximately $952,913.27.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against her. It does not include all of the facts known to her concerning criminal activity in which she and others engaged. The defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

3

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes.  Except as provided below, the defendant's guideline range is 46–57 months, as set forth on the attached worksheets.  If the Court finds:

1. That the defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 46–57 months, the higher guideline range becomes the **agreed range**.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

4

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

5

### C.   Special Assessment

The defendant will pay a special assessment of $100.  The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing.  The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D.   Fine

There is no agreement as to fines.  The Court may impose a fine on Count One of the Indictment, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

### E.   Restitution

The Court shall order restitution to every identifiable victim of defendant's offense.  The victims and the full amounts of restitution in this case, are as follows:

U.S. Department of Health and Human Services:  $952,913.27

### 4.   Padilla Waiver

Defendant acknowledges that she is not a citizen of the United States, and that her guilty plea in this case may affect or even foreclose her eligibility to remain in this country following the imposition of sentence herein.  Defendant has discussed these matters with her attorney in this case, but she expressly agrees that

6

her decision to plead guilty is in no way conditioned upon or affected by the advice she has been given regarding any potential immigration consequences of her conviction.  Defendant further agrees that because her decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that she will not seek to challenge her guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of her plea.

5.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw her guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

6.    **Exclusion from the Medicare Program and Other Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to

effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

## 7.    Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

## 8.    Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 9.    Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence does not exceed 57 months, the defendant also waives any right she may have to appeal her sentence on any grounds. If the

defendant's sentence of imprisonment is at least 46 months the government waives any right it may have to appeal the defendant's sentence.

10.   **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

11.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Department of Justice, Criminal Division and the United States Attorney's Office for the Eastern District of Michigan.

12.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

9

promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

Barbara L. McQuade
United States Attorney

_Wayne F. Pratt_
Wayne F. Pratt
Assistant United States Attorney
Chief, Health Care Fraud Unit

_Catherine K. Dick for_
Catherine K. Dick
Assistant Chief
Department of Justice
Criminal Division, Fraud Section

_Niall M. O'Donnell_
Niall M. O'Donnell
John Borchert
Aisling O'Shea
Trial Attorneys
Department of Justice
Criminal Division, Fraud Section

Date: 11/13/14

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_Abraham Singer_
Abraham Singer, Esq.
Attorney for Defendant

_Nadia_
Nadia Arain
Defendant

Date:

11

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2B1.1 | Base Offense Level | 6 |
| § 2B1.1(b)(H) | Loss over $400,000 | 14 |
| § 2B1.1(b)(10)(C) | Sophisticated Means | 2 |
| | | |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.1(a) | Aggravating Role (Organizer or Leader) | 4 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**3.  ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



26

************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*    ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*    ✓

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

unit

unit

unit

unit

units

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**6. INCREASE IN OFFENSE LEVEL**

    1 unit $\longrightarrow$ no increase     2 1/2 – 3 units $\longrightarrow$ add 3 levels

    1 1/2 units $\longrightarrow$ add 1 level     3 1/2 – 5 units $\longrightarrow$ add 4 levels

    2 units $\longrightarrow$ add 2 levels       > 5 levels $\longrightarrow$ add 5 levels



**7. ADJUSTED OFFENSE LEVEL OF GROUP**
**WITH THE HIGHEST OFFENSE LEVEL**

**8. COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



B-2

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

# **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                          **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                          **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                          **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE: No more than 4 points may be added under this item.

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 0 |
|---|

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| I |
|---|

C-3

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   26

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   23

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   46-57

   months

D-1

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

D-2

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X]   1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ]   2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ]   1. At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ]   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[X]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        ☒ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        ☐ 4. The statute of conviction requires a minimum term of supervised release of ▓▓ months.

    c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    ☒ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $952,913.27 .

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4.   The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

5.   Restitution is not applicable.

## 6.  FINE  (U.S.S.G. § 5E1.2)

a.   Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.   Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $0 | $250,000 |

E-3

| Defendant: | Nadia Arain | Count: | 1 |
|---|---|---|---|
| Docket No.: | 12-20603 | Statute(s): | 18 U.S.C. § 1349 |

7. **SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00        .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13

E-4